**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 00-10447**
_____

**CONTINENTAL CASUALTY COMPANY; AMERICAN CASUALTY**
**CO. OF READING, PENNSYLVANIA,**

                                        **Plaintiffs-Appellees,**

**VERSUS**

**C. BILL PAREDES; ET AL.,**

                                        **Defendants,**

**RICHARD F. TOUSSAINT; GARY W. KETTER,**

                                        **Defendants-Appellants.**

_____

Appeal from the United States District Court
For the Northern District of Texas

(3:98-CV-1395-G)
_____

February 20, 2001

Before POLITZ, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Defendants-Appellants Richard F. Toussaint and Gary W. Ketter

(collectively "appellants") appeal the district court's order

granting Plaintiffs-Appellees Continental Casualty Company

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("Continental") and American Casualty Company of Reading, Pennsylvania's ("American") (collectively "appellees") motion for summary judgment seeking enforcement of a written indemnity agreement to recover from the appellants for losses, costs, expenses, and fees incurred as a result of having issued certain surety bonds on behalf of Parsons Systems Engineers, Inc. ("Parsons").

Parsons sought surety bonds from the appellees with respect to various construction projects throughout the United States. In connection with those bonds, the appellants executed a General Agreement of Indemnity ("Agreement") with the appellees, agreeing to indemnify the appellees in case of default by Parsons. Subsequently, the appellees issued several bonds naming Parsons as principal. The obligees of those bonds included the Texas Utilities Company ("TUC"), the State of Arkansas, Hanson Electric, the Jacksonville Suburban Utilities Corporation, and the Little Rock Wastewater Utility District ("LRWU").

The last bond that the appellees issued for Parsons named the LRWU as obligee and was connected to the construction of the Little Rock Wastewater Utility Plant Control and SCADA System in Little Rock, Arkansas ("Little Rock Project"). The LRWU subsequently declared Parsons in default on the Little Rock Project, citing, among other things, Parsons' failure to follow the project schedules submitted, its failure to provide materials and equipment necessary to perform the work, and its failure to pay suppliers and

others for amounts due. After the LRWU declared Parsons in default, the LRWU made demand on the performance bond issued by the appellees. By that time, Parsons had filed for bankruptcy; hence, a motion to lift the stay with respect to the Little Rock Project was filed and granted.

In response to the LRWU's claim on the bond, the appellees hired Water Technology Associates to assist it in evaluating the status of completion of the Little Rock Project, to assist in evaluating payment of bond-type claims, and to prepare re-bid specifications. Neither Parsons or its successor chose to bid on completion of the Little Rock Project even though the appellants had been invited by the appellees to participate in the resolution of the LRWU's claims.[1] Parsons, however, did ask the appellees for funding so that it could complete the Little Rock Project, but that was unacceptable to the appellees due to Parsons' long-term cash problems.

The LRWU rejected the appellees' initial proposals for resolving the LRWU's bond claim and demanded that the appellees complete or arrange for the completion of the Little Rock Project. Over the course of several months, the appellees were able to negotiate a settlement with the LRWU, pursuant to which the appellees paid the LRWU $450,000 and tendered a completion

---

[1]Initially, the LRWU disapproved of Parsons' continued performance after its default. But the appellees were apparently able to convince the LRWU to allow Parsons' participation if Parsons' so chose.

3

contract.

The appellees received claims on its surety bonds from the Little Rock Project and a few other Parsons' projects, suffering extensive losses totaling over $750,000. Thereafter, the appellees sought indemnification from the appellants. After the appellees moved for summary judgment, the district court found in favor of the appellees, awarding a $250,000 judgment against each of the appellants.[2] The appellants then filed a motion for new trial and for reconsideration of the summary judgment order. Thereafter, the district court issued a second Memorandum Order denying the appellants' motion. This appeal followed.

We have thoroughly reviewed the briefs, the record excerpts, and pertinent portions of the record, in addition to hearing oral argument, and we are not convinced that there was a genuine issue of material fact or that the district court committed any error in its determination. Accordingly, we affirm for substantially the same reasons as stated by the district court.

**AFFIRMED.**

---

[2]The Agreement capped each of the appellant's liability at $250,000.